UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

| | |
|---|---|
| JEFFREY MACK, | **AMENDED COMPLAINT** |
| Plaintiff, | |
| -against- | 14 CV 4829 (JG) (PK) |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, MAURICE O'CONNOR, Individually, TIMOTHY RIZZO, Individually, ANTHONY CANALE, Individually, JOSEPH ALGERIO, Individually, CONNIE DUNCAN, Individually, CLARENCE HOPKINS, Individually, and JOHN DOE and JOHN DOE 2, Individually, (the names John Doe being fictitious, as the true names are presently unknown), | |
| Defendants. | |

-------------------------------------------------------------------------------X

Plaintiff JEFFREY MACK, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

**Preliminary Statement**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff JEFFREY MACK is a fifty-year-old African American man residing in Brooklyn, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants MAURICE O'CONNOR, TIMOTHY RIZZO, ANTHONY CANALE, JOSEPH ALGERIO, CONNIE DUNCAN, CLARENCE HOPKINS, and JOHN DOE 1 and 2, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the

2

City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On August 3, 2013, at approximately 10:00 p.m., plaintiff JEFFREY MACK was lawfully present on the sidewalk in the vicinity of 204-19 Hollis Avenue, when he was approached by defendant officer TIMOTHY RIZZO, who, without justification or cause, pushed plaintiff.

13. Plaintiff lawfully responded by asking why defendant RIZZO had pushed him.

14. In response, and despite the fact that plaintiff had committed no crimes or offenses, defendant RIZZO unreasonably grabbed plaintiff's arms to arrest him.

15. Defendants ANTHONY CANALE and MAURICE O'CONNOR, along with two other as yet unidentified officers, JOHN DOE 1 and JOHN DOE 2, approached and assisted RIZZO in falsely arresting plaintiff and subjecting him to further unnecessary force.

16. Defendant O'CONNOR intentionally kneed plaintiff in the testicles, causing plaintiff to go to the ground.

17. Once plaintiff was on the ground, defendant officers placed knees on plaintiff's body, and one defendant officer placed a knee on plaintiff's neck, restricting his breathing.

18. The defendant officers then handcuffed plaintiff and imprisoned him in an NYPD van.

19. Plaintiff was transported to the 113th Police Precinct and imprisoned therein.

20. While imprisoned at the 113th Police Precinct, plaintiff asked defendant O'CONNOR and defendant lieutenant CLARENCE HOPKINS for medical attention for the

injuries plaintiff sustained as a result of being kneed in the testicles.

21. Despite plaintiff's requests, medical attention was never provided to plaintiff.

22. The defendant officers continued to imprison plaintiff until August 5, 2013, on which date plaintiff was arraigned in Queens County Criminal Court on baseless charges filed under docket number 2013QN042981; said charges having been filed based on the false allegations of the defendant officers.

23. The defendant officers created and manufactured false evidence which defendants conveyed to the Queens County District Attorney's Office, which used the same against plaintiff in the aforementioned legal proceeding. Specifically, defendants conveyed false allegations that plaintiff had refused a lawful order to disperse, resisted arrest, and acted disorderly. None of the allegations are true.

24. The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to bolster their arrest numbers while avoiding being disciplined for the above described abuses of authority.

25. At plaintiff's arraignment, all the false charges lodged against plaintiff were adjourned in contemplation of dismissal, and have since been dismissed and sealed.

26. Defendant HOPKINS supervised defendant O'CONNER and approved of, oversaw, and participated in the denial of medical treatment to plaintiff, defendants' fabrication of evidence, and otherwise allowed plaintiff's false imprisonment to continue despite there being no grounds for his arrest.

27. Defendants JOSEPH ALGERIO and CONNIE DUNCAN were present for defendants O'CONNOR, RIZZO, CANALE and JOHN DOE 1 and 2's unlawful use of force and

false arrest of plaintiff, yet failed to intervene in said illegal conduct despite a reasonable opportunity to do so.

28. As a result of being kneed in the testicles, plaintiff sustained injuries.

29. All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, employing excessive force, failing to provide medical attention, falsification, of lax investigations of police misconduct, and of covering up abuse by fellow officers.

30. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding the use of force, engage in a practice of falsification and of failing to provide medical attention to injured prisoners, and that they engage in cover ups of police abuse.

31. For instance, in another civil rights action filed in this court involving false allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW

5

YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

35. All of the aforementioned acts deprived plaintiff JEFFREY MACK of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

36. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

37. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

38. As a result of the foregoing, plaintiff JEFFREY MACK sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

39. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40. Defendants arrested plaintiff JEFFREY MACK without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

41. Defendants caused plaintiff JEFFREY MACK to be falsely arrested and unlawfully imprisoned.

42. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff JEFFREY MACK'S constitutional rights.

45. As a result of the aforementioned conduct of defendants, plaintiff JEFFREY MACK was subjected to excessive force and sustained serious physical injuries and emotional distress.

46. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the

individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A THIRD CAUSE OF ACTION**
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48. Defendants created false evidence against plaintiff JEFFREY MACK.

49. Defendants utilized this false evidence against plaintiff JEFFREY MACK in legal proceedings.

50. As a result of defendants' creation and use of false evidence, plaintiff JEFFREY MACK suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

51. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Malicious Abuse of Process under 42 U.S.C. § 1983)

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendants issued criminal process against plaintiff JEFFREY MACK by causing his arrest and prosecution in Queens County Criminal Court.

54. Defendants caused plaintiff JEFFREY MACK to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to

avoid discipline for their abuses of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

55. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Deliberate Indifference to Serious Medical Needs under 42 U.S.C. § 1983)

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that was deliberately indifferent to plaintiff's serious medical needs by disregarding an excessive risk to the plaintiff's health or safety, which is forbidden by the Constitution of the United States.

58. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Failure to Intervene under 42 U.S.C. § 1983)

59. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60. Defendants had an affirmative duty to intervene on behalf of plaintiff JEFFREY MACK, whose constitutional rights were being violated in their presence by other officers.

61. The defendants failed to intervene to prevent the unlawful conduct described herein.

62. As a result of the foregoing, plaintiff JEFFREY MACK'S liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

63. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Supervisory Liability under 42 U.S.C. § 1983)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

66. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

67. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "66" with the same force and effect as if fully set forth herein.

68. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

69. The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, subjecting individuals to excessive force, arresting citizens without probable cause, and then committing perjury and/or manufacturing evidence in an effort to convict such individuals, and denying injured prisoners access to medical treatment. In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JEFFREY MACK'S rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

70. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JEFFREY MACK.

71. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JEFFREY MACK as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JEFFREY MACK as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff JEFFREY MACK was unlawfully arrested and maliciously prosecuted.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JEFFREY MACK'S constitutional rights.

75. All of the foregoing acts by defendants deprived plaintiff JEFFREY MACK of federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from false arrest/unlawful imprisonment;

    C. To be free from the failure to intervene;

    D. To be free from deprivation of his right to fair trial;

    E. To be free from malicious abuse of process;

    F. To be free from deliberate indifference to serious medical needs; and

    G. To be free from supervisory liability.

76. As a result of the foregoing, plaintiff JEFFREY MACK is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff JEFFREY MACK demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
January 22, 2016

>BRETT H. KLEIN, ESQ., PLLC
>Attorneys for Plaintiff JEFFREY MACK
>305 Broadway, Suite 600
>New York, New York 10007
>(212) 335-0132
>
>By:  /s/ Brett Klein
>     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

JEFFREY MACK,

                                    Plaintiff,

                                                                                                    14 CV 4829
        -against-                                                                   (JG) (PK)

CITY OF NEW YORK, MAURICE O'CONNOR, Individually,
TIMOTHY RIZZO, Individually, ANTHONY CANALE,
Individually, JOSEPH ALGERIO, Individually,
CONNIE DUNCAN, Individually, CLARENCE HOPKINS,
Individually, and JOHN DOE and JOHN DOE 2, Individually,
(the names John Doe being fictitious, as the true names are
presently unknown),

                                                                      Defendants.

-------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132